UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KAREN KARR,              )
                         )
        Plaintiff,       )
                         )
    vs.                  )
                         )   No. 1:12-cv-01182-DKL-WTL
MED-1 SOLUTIONS, LLC,    )
                         )
        Defendant.       )

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Karen Karr, brought this action against Defendant, Med-1 Solutions, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends Defendant's actions with regard to two debts violated the Act. This matter is before the Court on *Plaintiff's Motion for Summary Judgment.* [Dkt. 71.] For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

I. **Background**

As a preliminary matter, the parties raise multiple issues in their briefs concerning whether certain claims are properly before the Court.[1] For example, Defendant argues that Plaintiff included a new FDCPA claim in her Motion for Summary Judgment concerning a letter from an attorney that she did not plead in her Complaint. Plaintiff responds that the letter is evidence relevant to the pleaded claim of

---

[1] The parties also raise admissibility issues with regard to specific pieces of evidence. The Court will address any admissibility issues relevant to its decision within the Order.

threatening legal action on a time barred debt, rather than a new claim itself. Yet in another place in Plaintiff's reply brief, she references the letter as "yet another instance of the Defendant's violation of the FDCPA." [Dkt. 79 at 5.] It appears both parties have confused the pleading of claims in a complaint with the allegation of facts to support those claims.

A complaint is not required to allege all, or any, of the facts logically entailed by the claim. *American Nurses' Association v. State of Ill.*, 783 F.2d 716, 727 (7th Cir. 1986). Here, Plaintiff's Complaint pleads two claims under the FDCPA:

1) Defendant violated § 1692(d), (e) and (f) by threatening to file a lawsuit on a debt that was beyond the statute of limitations; and

2) Defendant violated § 1692 (e) and (f) by advising Plaintiff to not attend a hearing in the lawsuit initiated by Defendant after the parties reached agreement as to the terms of re-payment of the debt.

[Dkt. 1 at 4.] These claims pertain to separate debts incurred by Plaintiff. Plaintiff asserts factual allegations in support of her claims both within her Complaint and her briefs. The Court will treat these allegations, such as the language of the attorney letter, as evidence in support of the relevant claim and *not* as a separate FDCPA claim.

Turning to the factual allegations, neither party's statement of facts complied with Local Rule 56.1. However, the Court does not believe the failure to comply with this Rule impedes its ability to determine whether there are disputed material facts that prohibit summary judgment in this case. In the interest of judicial economy, the Court will exercise its discretion to not enforce strict compliance with L.R. 56.1.

The facts, recited in the light most favorable to Defendant as the non-moving party, are as follows:

Defendant is a debt collection agency that attempted to collect two debts from Plaintiff. [Dkt. 1 at ¶17.] The first debt was incurred by Plaintiff in 2004 to the Heart Center of Indiana (the "Heart Center debt"). *Id.* at ¶25. Plaintiff received a letter dated June 12, 2012, on Defendant's letterhead, signed by "Richard Huston, Attorney at Law." [Dkt. 72-2.] In this letter, Mr. Huston states, "Before I review this account for possible legal action, I would like to give you another opportunity to resolve this account." *Id.*

In July of 2012, Defendant's employee Jessica Frank called Plaintiff in an attempt to collect the Heart Center debt. *Id.* at ¶26. This telephone call was recorded and played during Ms. Frank's deposition. [Dkt. 76-9 at p. 22.] The following are excerptions from that deposition:[2]

> Ms. Frank: . . . After this, I mean, legal and stuff like that can get involved, which I mean - -
>
> Ms. Karr: What's that mean?
>
> Ms. Frank: - - it's - - legal, like they could take you to court, stuff like that. But I don't know when they could do that. . . But in order to keep it from going to legal and stuff like that, I would need some kind of payment or put your account on hold. . .

---

[2] Defendant objects to the admissibility of the transcript between Ms. Frank and Plaintiff "because a recording exists and the recording should be used to prove its contents instead of a written transcript of the recording." The Court overrules Plaintiff's objection. The recording of the telephone call was played at Ms. Frank's deposition and Ms. Frank authenticated the call at that time. [Dkt. 79-1 at 10.] After playing the recording, Plaintiff introduced a transcript of the telephone call at Ms. Frank's deposition, which was admitted as Exhibit 2 without objection by Defendant.

> Ms. Karr: I've gone through this so many times. What - - what - - now you're telling me that legal can get involved, that they can take me to court?
>
> Ms. Frank: Yeah. Your account, like I don't know how long it's going to actually be here, but there's a chance. I mean, it's always further collection can continue and there is a chance that legal can get involved.
>
> Ms. Karr: So legal - - and what?
>
> Ms. Frank: And being that this account is a year or so long, I mean, I don't know when - - I don't know what they - - I mean, we're not the legal department, so I'm not sure what they - - they can do. But if I was you, I would contact St. Vincent Heart Center and find out what's - - . . .

[Dkt. 76-9 at 5-6.]

Plaintiff incurred a debt to St. Vincent Hospital & Healthcare in 2011 (the "St. Vincent debt). [Dkt. 1 at ¶29.] In January 2012, Defendant filed a lawsuit in Hamilton county Small Claims Court in an attempt to collect this debt. *Id.* at ¶30. Plaintiff telephoned Defendant on February 7, 2012 and spoke with Christine Kester, an employee in Defendant's legal department, about the St. Vincent debt. [Dkt. 76-13 at ¶¶1-3.][3] Ms. Kester advised Plaintiff that if she disputed the amount owed, she needed

---
[3] Plaintiff requests that the Court strike Ms. Kester's affidavit as self-serving and contradictory to deposition testimony of Ms. Duffey. Plaintiff argues that Ms. Kester was not deposed in the litigation and her "sudden introduction" by Defendant is both "irrelevant and suspicious." [Dkt. 79 at 3.] The Court

4

to appear at the hearing on February 29, 2012. *Id.* at ¶7. Ms. Kester further advised Plaintiff that if she did not appear and the debt was not paid before the hearing date, Defendant would seek a default judgment and post-judgment interest would accrue on the debt. *Id.* at ¶8. Plaintiff reported to Ms. Kester that she was unable to attend the hearing because she would be out of town. *Id.* at ¶9. Ms. Kester advised Plaintiff to contact the court to request a continuance of the hearing. *Id.* at ¶10.

On February 15, 2012, Plaintiff telephoned Defendant and spoke with Erin Duffey, an employee in Defendant's legal department. [Dkt. 76-12 at 2.] Plaintiff stated that she could pay off the principal balance of the debt within 30 days if Defendant agreed to waive the attorney fees and court costs. *Id.* Ms. Duffey advised Plaintiff that she needed to attend the hearing if she disputed the amount owed. *Id.* Ms. Duffey further advised Plaintiff to fax a written request to Defendant to waive attorney fees and court costs. *Id.* On February 22, 2012, Plaintiff agreed to a payment plan that would satisfy the St. Vincent debt by March 15, 2012. *Id.* Ms. Duffey advised Plaintiff that she did not have to appear at the hearing, however that the court would grant Defendant a default judgment and post-judgment interest at 8 percent per annum until balance was paid. *Id.*

On August 21, 2012, Plaintiff filed a Complaint in this Court under the FDCPA, alleging that Defendant violated provisions of the Act when it 1) threatened to file a

---

denies Plaintiff's request. Courts may consider self-serving statements in affidavits if they are based on personal knowledge and set forth specific facts. *See Buie v. Quad/Graphics, Inc.*, 366 F.2d 496, 504 (7th Cir. 2004). Based upon the documents in the record, Plaintiff was aware Ms. Kester had a telephone conversation with Plaintiff concerning this debt. She had the opportunity to depose Ms. Kester if she desired.

lawsuit on the Heart Center debt that was beyond the statute of limitations and 2) advised Plaintiff to not attend a hearing after the parties negotiated an agreement concerning the repayment of the St. Vincent debt. On November 25, 2013, Plaintiff filed this Motion for Summary Judgment.

## II. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. Smith Amundsen LLC,* 662 F.3d 818, 822 (7th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Board of School Teachers.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## III. Discussion

Plaintiff alleges that Defendant violated the FDCPA in its attempts to collect the Heart Center debt and St. Vincent debt. The FDCPA prohibits a debt collector from

using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). The purpose of the FDCPA is to "protect against abusive debt collection practices which would likely disrupt a debtor's life." *Gully v. Van Ru Credit Corp.,* 381 F.Supp.2d 766, 767 (N.D. Ill. 2005) (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1059 (7th Cir. 2000)). The Court will address the alleged FDCPA violations separately for each of Plaintiff's debts.

**A. Heart Center Debt**

Plaintiff first contends Defendant violated § 1692 (d), (e) and (f) by threatening to file a lawsuit on a debt that was beyond the statute of limitations. These provisions prohibit the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For a communication to "impermissibly threaten legal action, it must falsely communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Combs v. Direct Marketing Credit Services, Inc.*, 165 F.3d 31 (7th Cir. 1998) (internal citation omitted). FDCPA claims are evaluated through the eyes of an "unsophisticated consumer." The unsophisticated consumer may be "uninformed, naive, or trusting, but nonetheless is considered to have a 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" *Sims v. GC Services., L.P.,* 445 F.3d 959, 963 (7th Cir. 2006) (quoting *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564 (7th Cir. 2004)).

The Seventh Circuit recognizes three categories of FDCPA cases that allege deceptive or misleading statements. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The first category includes cases in which the allegedly offensive language is plainly and clearly not misleading. In those cases, extrinsic evidence is not necessary to show that the reasonable unsophisticated consumer would not be confused by the language. The second category of cases involves language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer. In these cases, plaintiffs prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers are misled or deceived by the language. *Id; see also Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009). Cases involving language that is clearly misleading or deceptive on its face fall into the third category. In these cases, courts may "grant summary judgment for the plaintiffs without requiring them to prove what is already clear." *Ruth*, 577 F3d at 801. Since Plaintiff did not present any extrinsic evidence with her summary judgment motion, she must show the communications at issue are plainly and clearly misleading on their face. [4]

In this case, Defendant contends that neither the letter from Mr. Huston nor the telephone call with Ms. Frank were clearly misleading or deceptive. Consequently, Defendant argues the case falls into the second category above and Plaintiff was

---

[4] The misleading communications must also be material to be actionable under the FDCPA, meaning that it would have been a factor in the consumer's decision to pay or contest the debt. *See Hahn v. v. Triumph Partnerships*, 557 F.3d 755, 757-58 (7th Cir. 2009). The Court finds language allegedly threatening to file a lawsuit if the consumer does not pay the debt is material.

required under *Lox* to produce extrinsic evidence to prove the language was misleading. The Court disagrees.

The Heart Center debt, without question, was an obsolete debt. Incurred in 2004, under no circumstance could Defendant file a lawsuit based upon this debt in 2012. *See* I.C. § 34-11-2-9. Yet the attorney letter advised Plaintiff that her account would be evaluated for "possible legal action" if she did not pay the debt. Ms. Frank, an employee of Defendant, told Plaintiff that if she did not pay the debt "legal and stuff like that can get involved" and Defendant could "take you to court." [Dkt. 76-9 at p. 22.] It is improper under the FDCPA "to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox*, 689 F.3d at 825. The communication at issue in this case is quite similar to those in *Lox* and *Ruth.* In *Lox*, the defendant sent a collection letter to plaintiff that included the following language: "You have the right to pay this claim now. To avoid further steps, respond within 48 hours. Consider our client's lawful alternatives closely. Our client may take legal steps against you and if the courts award judgment, the court could allow court costs and attorney fees." *Id.* at 821-22. But, as the Court pointed out, defendant's attorney fees were not recoverable under the statute. Therefore the statement was not only false, but plainly misleading on its face. *Id.* at 826.

In *Ruth*, the debt collection letter included this warning, "To the extent permitted by law, we may collect and/or share all the information we obtain in servicing your account." *Ruth*, 577 F.3d at 793. But defendant was legally barred from sharing any information about the plaintiff without consent. The Court concluded that "on its face,

9

the only reasonable interpretation of the notice was as a threat to take illegal action." *Id.* at 801.

Defendant here argues that the attorney letter only referenced "possible" legal action and Ms. Frank only said Defendant "could" take Plaintiff to court. [Dkt. 76 at 17; Dkt. 76 at 10.] The Seventh Circuit has held that this type of conditional language does not make the statements any less confusing or insulate the debt collector from liability. "When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox*, 689 F.3d at 825, quoting *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011). As with *Lox* and *Ruth*, Defendant here implied, quite directly, that it could take legal action against Plaintiff when in reality it could not. The statute of limitations to initiate legal proceedings had long passed. As a matter of law, therefore, the communications constitute "a threat to take . . . action that cannot legally be taken," and a "false representation or deceptive means to collect or attempt to collect a debt." 15 U.S.C. § 1692 (e)(5) and (e)(10).

Defendant next asserts that even if it violated the FDCPA, the bona fide error defense shields it from liability. To qualify for the bona fide error defense, Defendant must make three showings under § 1692k(c): (1) it must show that the FDCPA violation was not intentional; (2) it must show that the FDCPA violation resulted from a bona fide error; and (3) it must show that it maintained procedures reasonably adapted to

avoid any such error. *See Kort v. Diversified Collection Servs., Inc.,* 394 F.3d 530, 537 (7th Cir. 2005).

Defendant contends the bona fide error defense applies in this case because Ms. Frank "did not mean to convey that suit would be filed against the Plaintiff, but rather that the Legal department could review the Plaintiff's account." [Dkt. 76 at 13.] Defendant also argues that it had written procedures in place to only allow employees to inform debtors that "further activities can continue." *Id.* The bona fide error defense applies only to procedural or clerical errors. *See Bassett v. I.C. System, Inc.*, 715 F. Supp. 803, 813 (N.D. Ill. 2010); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 589 (2010). It does not excuse mistakes of law -- i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *Jerman,* 559 U.S. at 576 (2010). *See also Leeb v. Nationwide Credit Corp.*, 2013 WL 6169408 (N.D. Ill. Nov. 21, 2013). Defendant threatened legal action on a debt upon which it was barred from pursuing legal action. This was not a clerical or procedural error; it was an error of interpretation of the law. Whether Defendant intended to violate the law is irrelevant. The FDCPA is a strict liability statute and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions. *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) ("[T]he representation need not be deliberate, reckless, or even negligent to trigger liability-it need only be false...."). Therefore, Defendant cannot escape liability under the bona fide error defense, which is reserved for clerical errors. Plaintiff's Motion for Summary Judgment is **GRANTED** with regard to the Heart Center debt.

**B. St. Vincent Debt**

Plaintiff also alleges a violation of the FDCPA in connection with Defendant's pursuit of the St. Vincent debt. This debt, incurred in 2011, was the subject of a small claims suit in Hamilton County, Indiana. The matter was set for hearing on February 29, 2012. Plaintiff asserts that she agreed to a payment plan on February 22, 2012, and was advised during a telephone conversation on that day with Ms. Duffey, an employee in Defendant's legal department, that she would not need to attend the hearing. Defendant contends that Duffey advised Plaintiff that "she did not have to attend the Hearing, but if she did not attend and the outstanding debt was not paid in full, the Defendant would seek a default judgment against Plaintiff at the Hearing." [Dkt. 76 at 19.] The default judgment is significant in that it triggered post-judgment interest of eight percent.

The parties agree that Ms. Duffey told Plaintiff she did not have to go to the hearing. Whether Ms. Duffey advised Plaintiff of the *consequence* of not attending the hearing is disputed. Plaintiff denies Defendant's assertion that she was advised that her failure to attend would result in a default judgment and post-judgment interest. In evaluating a motion for summary judgment, the Court should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm,* 94 F.3d 254, 257 (7th Cir. 1996). Here, Defendant is the non-moving party and thus is entitled to the benefit of the Court using its version of the facts.

Plaintiff argues that Ms. Duffey led her to believe if she agreed to a payment plan, she would not need to attend the hearing. Not only does this misrepresentation

12

constitute an unfair collection practice, Plaintiff asserts, it also constitutes the unauthorized practice of law. Unlike the telephone call concerning the Heart Center debt, there is no transcript of this call. Defendant relies upon Ms. Duffey's call notes and deposition testimony. Taking Defendant's version of these events as true, as the Court is required to do for a non-moving party on summary judgment, Plaintiff's argument cannot succeed. Defendant committed no FDCPA violation by advising Plaintiff she did not have to attend the hearing if it also advised her of the potential consequences of not appearing. Whether Defendant in fact properly advised Plaintiff is a disputed issue of fact to be answered at trial, not on summary judgment. The Court cannot find that Defendant violated the FDCPA as a matter of law in its actions to collect the St. Vincent debt. The Court **DENIES** Plaintiff's Motion for Summary Judgment as to this claim.

### C. Additional Violations Alleged by Plaintiff on Summary Judgment

Plaintiff makes several additional arguments in a section of her initial brief titled, "Other Misrepresentations by Ms. Duffey Constitute Violations of the FDCPA." [Dkt. 72 at 15.] These arguments appear to assert new FDCPA claims that were not pleaded in Plaintiff's Complaint. For example, here Plaintiff asserts that Ms. Duffey misrepresented the amount due during their telephone conversation. Unlike the allegations regarding the attorney letter, these alleged misrepresentations are not evidence relevant to the pleaded claim here. Plaintiff is attempting to assert entirely new FDCPA claims. A plaintiff may not amend her complaint through arguments in her briefs on summary judgment. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th

Cir. 1996). Therefore, the Court will disregard this section of Plaintiff's initial brief as well as related arguments in her reply brief.

### IV. Conclusion

A single violation of section 1692e is sufficient to establish civil liability under the FDCPA, *see* 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter"), and is thus sufficient to support summary judgment in favor of the Plaintiff. *See Oglesby v. Rotche, 1993 WL 460841 (N.D. Ill. Nov. 5, 1993)* (citing *Woolfolk v. Van Ru Credit Corp.,* 783 F. Supp. 724, 725 (D. Conn. 1990)).

The Court **GRANTS** Plaintiff's Motion for Summary Judgment with respect to the FDCPA claim related to the Heart Center debt and **DENIES** Plaintiff's Motion with respect to the claim related to the St. Vincent debt. The Court grants Plaintiff $1,000.00 in statutory damages, and finds that Plaintiff is entitled to attorney's fees. Plaintiff is directed to file a petition for attorney's fees within seven days of the date of this Order.

Date: 05/07/2014

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Richard Ross Huston
MED-1 SOLUTIONS
rich@med1solutions.com

Sarah D. Burt
MED-1 SOLUTIONS
sarah.burt@med1solutions.com