UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN  KARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:12-cv-01182-DKL-WTL |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS

This matter is before the Court on *Plaintiff's Petition for Assessment of Attorney's Fees and Costs* [Dkt. 87] and *Plaintiff's Motion for Supplemental Award of Attorneys' Fees* [Dkt. 101]. For the reasons discussed below, the Court **GRANTS** Plaintiff's motions and awards **$26,625.00** in attorney's fees and costs.

## I.    Procedural History

Defendant is a debt collection agency that attempted to collect two debts from Plaintiff. On August 21, 2012, Plaintiff filed a Complaint alleging two violations of the Fair Debt Collections Practices Act ("FDCPA"). The Court found Defendant's actions relating to Count I constituted a violation of the FDCPA and granted Plaintiff's Motion for Summary Judgment on May 7, 2014. [Dkt. 85.] The Court awarded Plaintiff $1,000.00 in statutory damages and attorney's fees related to Count I. The Court conducted a bench trial on Count II on September 11, 2014, the resolution of which is discussed in a separate entry. Pursuant to the fee-shifting provision of the FDCPA, Plaintiff filed *Plaintiff's*

1

*Petition for Assessment of Attorney's Fees and Costs* [Dkt. 87] and *Plaintiff's Motion for Supplemental Award of Attorneys' Fees* [Dkt. 101]. Defendant objects to the total fee award as excessive and unreasonable.

## II.    <u>Legal Standard</u>

Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir. 1995). An individual plaintiff's recovery of statutory damages under the FDCPA is capped at $1000.00. Because that relatively modest sum would probably not merit an aggrieved individual paying an attorney to pursue such an action, nor an attorney accepting the case on a contingency fee basis, Congress included 15 U.S.C. § 1692k(a)(3), which mandates the court to award to a prevailing plaintiff "reasonable attorney's fees as determined by the court." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.,* 574 F.3d 852, 856 (7th Cir. 2009).

Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart,* 461 U.S. 424, 433–37 (1983); *Gautreaux v. Chi. Housing Auth.,* 491 F.3d 649, 659 (7th Cir. 2007). The district court may then adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). The party seeking the fee award bears the burden of proving the reasonableness of the

hours worked and the hourly rates claimed.  *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

### III.  Discussion

#### A.  Reasonableness of Hourly Rates

Defendant does not object to paying reasonable attorney's fees at the rate of $275.00 per hour for Mr. Steinkamp; $175.00 per hour for Mr. Eades and $100.00 per hour for paralegal time.

#### B.  Reasonableness of Hours Expended

##### 1.  *Drafting the Complaint and Researching Defendant*

Defendant objects to time billed for researching Defendant and modifying a form complaint.  Specifically, Defendant objects to .40 hours of paralegal time to research Defendant on July 13, 2012 and 1.40 hours of paralegal time to draft the complaint and accompanying documents on August 10, 2012.  Defendant contends that since Plaintiff had previously filed a lawsuit against Defendant, additional research was unnecessary. Further, Plaintiff argues the time billed to modify a form complaint was excessive.

Plaintiff cites *Young v. Accounts Recovery Bureau*, 2012 WL 3764014 (S.D. Ind. 2012), another FDCPA case from this Court[1] in which Mr. Steinkamp also represented the plaintiff, in support of her arguments.  In that case, the Court found it excessive to charge 1.9 hours of paralegal time to make relatively minor changes to a form complaint.  The Court further found it unreasonable to bill any time to research a Defendant that counsel

---

[1] Cause No. 1:11-cv-255-WTL-DKL.

was already familiar with through prior lawsuits.  The Court reduced the 1.9 hours by one-half to .95 hours and zero hours for research.  Defendant requests the Court do the same in this case.  The Court agrees consistent treatment of this type of time entry is reasonable.  Therefore, the Court will reduce the August 10, 2012 time entry to draft the Complaint to .95 hours and strike the July 13, 2012 time entry for research of Med-1.

### 2.  Lack of Responsiveness

Defendant next contends that Plaintiff's counsel's non-responsiveness caused an unreasonable increase in fees billed.  For example, Defendant argues that had Plaintiff's counsel responded to emails in a timely fashion, charges to review additional follow-up emails would not have occurred.  Defendant points to seven emails for which .10 hours were billed for each.  Plaintiff's responds generally that counsel is required by Rule 11 to review each email in a case and the Court agrees.  Moreover, while Defendant provided copies of the seven emails, without the context of each email and the preceding and subsequent emails in the chain there is no way for the Court to evaluate this argument.  Each of these emails were billed the minimum amount pursuant to Plaintiff's counsel's billing system (.10 hours) and the Court finds this to be reasonable.

### 3.  Preparation and Review of Time Entries

Defendant challenges the 1.0 hours of paralegal time on October 2, 2013, to update time entries as being excessive and duplicative in light of the fact that Mr. Steinkamp also billed .40 hours to review the entries.  Consistent with prior cases, the Court disallows the 1.0 hours of paralegal time to update time entries but allows the .40 hours of attorney

time to review the entries.  *See A.M. ex rel. Mundy v. ARB, Inc.*, 2012 WL 3674034 (S.D. Ind. 2012); *Young v. ARB, Inc.*, 2012 WL 3764014 (S.D. Ind. 2012).

### 4.  *Requests for Admission that Exceed L.R. 36-1*

Defendant next objects to charges for Requests for Admission that exceed the 25 allowed by L.R. 36-1.  Specifically, Defendant objects to time entries on August 22, 2013, of .20 hours of paralegal time to draft Third Request of Admissions and .20 hours of Mr. Steinkamp's time to review the same and time entries on September 19, 2013, of .20 hours and .90 hours of Mr. Steinkamp's time to review Defendant's counsel's email and response to the Third Request for Admissions (total of $322.00).

L.R. 36-1 provides that no party shall serve more than 25 requests for admission without leave of court.  Plaintiff apparently served more than 25 requests (the requests were not provided to the Court) and did not request leave.  Although Defendant argues the Court should disallow the fees related to the Third Request for Admissions, the Court declines to do so.  Had Plaintiff filed a motion for leave to serve additional requests, as she should have done, and the Court granted that motion, more time would have been billed. As there is no evidence before the Court that these additional requests were burdensome or excessive, the Court finds the time billed to be reasonable in the furtherance of Plaintiff's case.

### 5.  *Motion to Strike Surreply*

Defendant next objects to Plaintiff's time entries on February 27 and 28, 2014, to draft (.30 hours of paralegal time) and review (.10 hours of Mr. Steinkamp's time) *Plaintiff's Motion to Strike Defendant's Surreply*.  Defendant argues that since Court denied

Plaintiff's motion [Dkt. 86], the fees should be disallowed. Plaintiff does not respond to this argument. The Court will disallow the $57.50 associated with these entries.

### 6. Charges for Secretarial or Clerical Tasks

Defendant also asserts that secretarial or clerical tasks should not be included in an award of attorney's fees. Generally, attorney or paralegal time should not be charged for administrative tasks. *Spegon,* 175 F.3d at 553. For example, secretarial and clerical services, the use of word processors, and travel to and from court to file documents is part of overhead and not compensable. *See In re Wabash Valley Power Ass'n, Inc.,* 69 B.R. 471, 479 (Bankr. S.D. Ind.1987). Likewise, tasks such as preparing documents and sending documents are clerical tasks. Therefore the following time entries shall be disallowed:

- August 23, 2012: .50 hours at $100/hour to prepare documents to send to Registered Agent

- August 23, 2012: .60 hours at $100/hour to deliver documents to Process Server

- January 11, 2013: .50 hours at $100/hour to deliver discovery to be sent certified mail

- January 25, 2013: .50 hours at $100/hour to send additional discovery request via certified mail

- June 11, 2013: .10 hours at $100/hour to send letter to Defendant

- July 9, 2013: .10 hours at $100/hour to send discovery dispute letter

- July 19, 2013: .10 hours at $100/hour to send responses to opposing counsel

- August 7, 2013: .40 hours at $100/hour to send 2nd set of discovery requests via certified mail

- August 23, 2013:  .10 hours at $100/hour to send discovery responses to opposing counsel

- August 26, 2013:  .60 hours at $275/hour to deliver hard copy of discovery responses

- October 24, 2013:  .50 hours at $175/hour to deliver Plaintiff's discovery requests

### 7. Errors in Billing Rate Charged

Defendant also noted several emails the drafting of which was billed at Mr. Steinkamp's rate, but were signed by Mr. Eades.  The Court finds that the following entries for .10 hours each should be corrected to reflect Mr. Eades' rate of $175.00 per hour:

- October 21, 2013

- October 23, 2013 (two entries of .10 each)

- October 29, 2013

- November 15, 2013

- January 27, 2014 (two entries of .10 each)

### 8. Charges Related to Count II

Finally, Defendant argues that because the Court granted summary judgment on Count I only, all charges related to Count II are "unreasonable and not the responsibility of Defendant."  [Dkt. 98 at 7.]  It follows, argues Defendant, that Plaintiff's legal fees should be divided in half.  On its face, this argument appears reasonable.  Fees related to the prosecution of Count II should be excluded.  However, this argument fails to take into account the reality of how attorneys litigate cases and record time.  Even Defendant

observed that with a few exceptions, Plaintiff "failed to separate out the charges as to whether they relate to Count I or Count II." *Id.* Plaintiff responds that the fees cannot be separated because the time "spent on the case was spent moving the case as a whole forward and not just Count I or II." [Dkt. 100 at 16.]

While Defendant cited no cases in support of its contention the Court should cut Plaintiff's legal fees in half, Plaintiff cites a compelling case for the Court not to do so. In *Armstrong v. Rose Law Firm, P.A.*, the court granted plaintiff summary judgment on her FDCPA claim, but not on the accompanying state law claims. Like the Defendant here, Rose Law Firm then argued plaintiff's fees ($43,180.00) were unreasonable because she did not prevail on all of her claims. The court disagreed:

> With respect to the state law arguments, the correct evaluation is not one in which the Court examines Judge Davis' Order to determine exactly what was essential to Plaintiff's success on the issue of the FDCPA violation, and then attempts to determine what time was spent pursuing only those points. Such a procedure would be impossible, and, more importantly, does not appropriately measure reasonable attorneys' fees. Effective attorneys often make more than one legitimate argument in support of a larger issue. And while some of those arguments may not sway the court, they do not consequently become unreasonable. "[A] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit." *Casey v. City of Cabool, Mo.,* 12 F.3d 799, 806 (8th Cir. 1993) (quoting *Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir. 1991)). Therefore, the Court will not disqualify time committed to the Plaintiff's state law argument.

*Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. Sept. 5, 2002).

Plaintiff brought two separate FDCPA claims based upon two distinct debts. But as in *Armstrong*, the prosecution of those claims is so intertwined it is impossible to parse

out the hours spent on each claim. The Court finds the 50 percent reduction sought by Defendant to be unreasonable. Much of the legal work performed would have been performed regardless of whether Count II existed. The only expense that is easily excluded as one solely related to Count II is the deposition of Erin Duffey. Plaintiff block billed the deposition costs for Karen Karr and Erin Duffey at $363.80. The Court will exclude one-half of this amount ($181.90) as the cost to depose Erin Duffey.

While the fee award will far exceed the statutory damages award in this case, as the court in *Armstrong* observed, "Plaintiff did not choose to create this disparity. Defendant aggressively defended this case, as was its right." *Armstrong*, 2002 WL 31050583 at *5. Defendant likewise could have served an offer of judgment early in the litigation to limit the attorney fees at stake. It chose instead to aggressively litigate its position, as it had the right to do. But at least as to Count I, Defendant's strategy failed and it is now obligated to pay the fees Plaintiff incurred.

### C. Adjustment at the Court's Discretion

Above, the Court addressed each of the arguments asserted by Defendant to reduce Plaintiff's fee award and excluded certain time entries. In the end, it is the Court's job to adjust the fee award to reflect the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Gastineau*, 592 F.3d at 748. While the Court finds it would be unreasonable to mechanically decrease the fee award by 50 percent to account for the success of one of two claims, it does warrant some adjustment.

###### 1.   *Plaintiff's Motion for Summary Judgment*

Plaintiff filed a Motion for Summary Judgment on both FDCPA claims and was successful on Count I.  In the Court's review of Plaintiff's time entries, counsel billed $5,610.00 in fees for their work (research, review, drafting and revising) on summary judgment briefing.  The Court will reduce this amount by one-half ($2,805.00).

###### 2.   *Motion to Dismiss Count II*

Following the dismissal of Count I in favor of Plaintiff at summary judgment, Plaintiff filed a *Motion to Dismiss Count II* without prejudice.  Plaintiff subsequently withdrew that motion and Count II proceeded to a bench trial.  Plaintiff's counsel billed $902.50 in fees related to the *Motion to Dismiss Count II.*  The Court will exclude these time entries from the fee award.

###### 3.   *Fees Related to the Fee Petition*

A significant portion of Plaintiff's proposed fee award is related to the briefing of the fee petition.  Defendant did not file a response to *Plaintiff's Motion for Supplemental Award of Attorney's Fees.*  Upon the Court's review, however, Plaintiff's fees related to the fee petition seem somewhat higher than it would expect.  Specifically, Plaintiff's counsel billed $5,947.50 for work related to *Plaintiff's Reply on the Issue of Attorney's Fees* (research, review, drafting and revising).  The Court recognizes it is not unusual for a reply brief to require more time than an initial brief as it must respond to each of the points raised in the opponent's response.  But Plaintiff's proposed fees *after* summary judgment totaled $9,567.50 and the majority of that was the result of work related to the reply brief.  To put the Court's concern into perspective, Plaintiff seeks $23,586.15 for all work performed

through and including summary judgment briefing.  Billing nearly $6,000.00 for a reply brief on a fee petition is excessive. Therefore, the Court will reduce the $5,947.50 in fees for *Plaintiff's Reply on the Issue of Attorney's Fees* by 30 percent ($1,784.25) and allow $4163.25.

## IV.  <u>Conclusion</u>

Based on the foregoing, the Court awards Plaintiff fees and costs in the amount of **$26,625.00**.


Date: October 22, 2014


Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana


Distribution:

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Richard Ross Huston
MED-1 SOLUTIONS
rich@med1solutions.com